IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01672-BNB

RANDALL MARTY,

    Applicant,

v.

T.K. COZZA-RHODES, Warden,

    Respondent.

## ORDER TO FILE AMENDED APPLICATION

Applicant, Randall Marty, is in the custody of the Federal Bureau of Prisons at the Federal Correctional Institution in Florence, Colorado. Applicant initiated this action by filing *pro se* a Writ of Habeas Corpus in his criminal proceeding, *United States v. Marty*, No. 96-cr-00085-LTB (D. Colo. Dec. 6, 1996). Because Applicant is challenging the execution of his sentence, Senior Judge Lewis T. Babcock construed the Writ as more properly filed pursuant to 28 U.S.C. § 2241 and directed the Clerk of the Court to use the Writ to open a separate 28 U.S.C. § 2241 action to be considered pursuant to D.C.COLO.LCivR 8.1(b).

On June 16, 2014, the Court ordered Applicant to cure certain deficiencies. Specifically, Applicant was directed to submit his claims on a proper Court-approved form and either to submit a request to proceed pursuant to 28 U.S.C. § 1915 or to pay the $5 filing fee. On July 8, 2014, Applicant complied by filing his claims and a § 1915 request on proper Court-approved forms. The Court granted Applicant's § 1915 Motion

on July 8, 2014.

The Court must construe the Application liberally because Applicant is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

Applicant identifies one claim in the Claims section of the Application. In support of this claim, Applicant states, "See previously filed Affidavit of Accounting of Confinement time spent to date in support of motion in the nature of 28 USC 2241 . . . Case No. 96-CR-00085-LTB." Application, ECF No. 15, at 3. For the following reasons, the Court will direct Applicant to file an Amended Application that states specifically the claims he is challenging in this action.

Under Fed. R. Civ. P. 10(c) a "statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion," but Rule 10(c) does not indicate that references to a previous action are included in this provision. Even if the Court were to allow references to entries in a previous action, the later pleading should be specific and clear as to what portions of the pleading in the previous action are incorporated. *See U.S. Fidelity and Guarantee Co. v. U.S. Sports Specialty Ass'n,* No. 07-cv-00996-TS (D. Utah June 25, 2012) (citing *Gen. Accident Ins. Co. of Am. v. Fidelity & Deposit Co. of Md.*, 598 F. Supp. 1223, 1229 (E. D. Pa. 1984)). Applicant's references are not clear.

Furthermore, "[a]n amended [application] 'supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified.' " *See Hooten v. Ikard Servi Gas*, No. 12-2179, 2013 WL 1846840 at *4 (10th Cir. May 3,

2013) (quoting *Giles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990)). Finally, it is not the responsibility of the Court or Respondents to refer to previous actions or pleadings to determine what claims Applicant seeks to raise in his most current Application.

Applicant, therefore, will be directed to amend the Application and state all claims he seeks to raise in this action in the Amended Application. Accordingly, it is

ORDERED that Applicant file **within thirty days from the date of this Order** an Amended Application that complies with this Order. It is

FURTHER ORDERED that Applicant shall obtain the Court-approved 28 U.S.C. § 2241 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov to be used in filing the Amended Application. It is

FURTHER ORDERED that the action will be dismissed without further notice if Applicant fails within the time allowed to file an Amended Application that complies with this Order.

DATED July 9, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge