IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01672-BNB

RANDAL MARTY,

    Applicant,

v.

T.K. COZZA-RHODES,

    Respondent.

ORDER OF DISMISSAL

Applicant, Randal Marty, is a prisoner in the custody of the Federal Bureau of Prisons (BOP) at the Federal Correctional Facility in Florence, Colorado. He initiated this action by filing *pro se* a Writ of Habeas Corpus. Magistrate Judge Boyd N. Boland directed Applicant to file his claims on a Court-approved form, which he did on July 8, 2014. Because he failed to assert in the July 8 Application the claims he is asserting in this action, Applicant was directed to amend the Application, which he did on July 28, 2014.

On August 5, 2014, Magistrate Judge Boland directed Respondent to file a preliminary response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intended to raise that defense in this action. Respondent filed a Response on August 21, 2014, and argued the action should be dismissed because Applicant has failed to exhaust his administrative remedies. Specifically, Respondent asserts that based on the BOP's administrative remedy records, Applicant has filed administrative claims, but none of the claims relate to the

matter at issue in this case.  Prelim. Resp. ECF No. 25, at 3.  Applicant did not reply to the Preliminary Response.

The Court must construe liberally Applicant's filings because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will deny the Application and dismiss the action.

Applicant is challenging the BOP's calculation of his sentence.  Specifically, Applicant asserts that he would have been released on or about March 9, 2014, if the BOP had credited him with the presentence confinement time to which he is entitled.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241.  *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010); *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam).  The exhaustion requirement is satisfied through proper use of the available administrative procedures.  *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (discussing exhaustion of administrative remedies in the context of 42 U.S.C. § 1997e(a)).  A "narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile."  *Garza*, 596 F.3d at 1203.  Furthermore, the exhaustion requirement may be excused where the deficiency in exhaustion is caused by prison officials' acts of preventing, thwarting, or hindering prisoner's efforts.  *See Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010) (applying Prison Litigation and Reform Act (PLRA), 42 U.S.C. § 1997e(a)).  A prisoner, however, may not exhaust "administrative remedies by, in essence, failing to employ them." *Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th

Cir. 2002).

The BOP administrative remedy procedure is available to federal prisoners such as Applicant.  *See* 28 C.F.R. §§ 542.10 - 542.19.  The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a).  Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals.  *See* 28 C.F.R. §§ 542.13 - 542.15.  Because Applicant has failed to comply with the BOP administrative remedy procedure, the instant action will be dismissed without prejudice for failure to exhaust administrative remedies.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 is DENIED, and the action is DISMISSED WITHOUT PREJUDICE, for failure to exhaust administrative remedies.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  24th  day of   September  , 2014.

BY THE COURT:

 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court